Parker, J.
 

 The plaintiff, Mrs. Murphy, has appealed from a decree of divorce rendered by the superior court purporting to finally dissolve the marriage relation heretofore existing between her and the defendant, Mr. Murphy. The appeal, as stated in her notice of appeal, is:
 

 “ (1) From that portion of said above-mentioned decree dissolving the bonds of matrimony between plaintiff and defendant, because premature; and
 

 “ (2) From the balance of the decree making property division between the plaintiff and defendant and awarding monthly support money to plaintiff, because unfair and inequitable. ’ ’
 

 As to the first stated ground of the appeal, it is plain that the decree is in form erroneous, since it was rendered immediately following the trial as a final decree of divorce, instead of an interlocutory order adjudicating the right to a final decree of divorce to be rendered upon the expiration of six months thereafter, as provided by Rem. Comp. Stat., §§ 988 and 988-1. While the decree is erroneous in form, in view of the time it was rendered, it may, however, be regarded as effective as an interlocutory order as of the date of its rendering, as an adjudication of the right to a final decree of divorce upon the expiration of six months thereafter. Therefore, in so far as the decree purport's to be a final decree of divorce, it must be reversed.
 

 The principal controversy before us is over the disposition of the property of the parties and the monthly support money allowance to be paid by Mr. Murphy to Mrs. Murphy. This was the second marriage of each of these parties. Mr. Murphy was then sixty-three years old, and Mrs. Murphy was then
 
 *571
 
 fifty-eight years old; they being sixty-six and seventy-one years old, respectively, at the time of the trial. They lived together about seven years. They did not accumulate any community property of any substantial value. Mr. Murphy, at the time of the trial, possessed separate property of the approximate value of $30,000, a portion of which consisted of a comfortable six-room dwelling house of the approximate value of $5,000, in which they had been living and in which she then lived. He then had an annual income of approximately $1,700, which, by reason of his age and lessening earning power, was decreasing. Mrs. Murphy then had separate property consisting of a dwelling house of the approximate value of $2,000, producing a net rental of about $15 per month, and her household goods kept in Mr. Murphy’s house of the approximate value of $1,000.
 

 The court awarded to Mrs. Murphy a life estate in Mr. Murphy’s dwelling house and the ground on which it is situated; Mr. Murphy to pay the taxes thereon from year to year; and also awarded to her a permanent support money allowance of $50 per month, to be paid by Mr. Murphy. The reasonable rent of the dwelling house in which she was awarded a life estate is $30 to $40 per month, and this, of course, Mrs. Murphy will get the benefit of either by renting the house or continuing to live in it. Thus, they are each left with substantially the same income. Considering their marriage late in life, their respective incomes, and the absence of community property, we are of the opinion that it cannot be said that the trial court made an unfair disposition of the property and the monthly money allowance to Mrs. Murphy for future support.
 

 ' In so far as the decree purports to be a final decree of divorce, it is reversed. In so far as the decree is an adjudication of the right to a final decree of divorce
 
 *572
 
 to be rendered upon the expiration of six months thereafter, it is affirmed. Neither party will be awarded costs in this court.
 

 Mitchell, O. J., Millard, Tolman, and Beals, JJ., concur.