[No. 35227. Department Two. March 24, 1960.]

EDWIN R. JOHNSON, *as Guardian ad Litem, Respondent,*
v. MARION T. BARNES, *Appellant.*[1]

[1]Reported in 350 P. (2d) 471.

*Parker & Parker,* for appellant.

*Schumacher & Charette,* for respondent.

ROSELLINI, J.—The respondent recovered judgment in the trial court for injuries which his three-year-old daughter incurred when she ran into the side of an automobile driven by the appellant on an arterial street in Aberdeen. On appeal, error is assigned to the failure of the court to sustain various challenges to the sufficiency of the evidence, and to the giving of certain instructions and the refusal of others requested by the appellant.

The evidence most favorable to the respondent tended to show that at about five o'clock in the afternoon, on February 24, 1958, while it was still daylight, the appellant was driving her automobile west on West Sixth street, at a lawful rate of speed. She was familiar with the nature of the neighborhood, which was residential, and knew that children often played there. Two of the respondent's

children, ages three and eight, had been sent to a grocery store a block or so east of their home on West Sixth street and were returning, walking west, as the appellant approached.

The eight-year-old child, a boy, had stopped to tie his shoe, while his sister went on ahead. He then crossed the street, seeing no traffic approaching, and proceeded on the north side of the street. His sister, catching sight of him, darted across the street toward him and ran into the side of the appellant's automobile.

The appellant did not see the child until the latter was only a few feet from the side of her automobile, when she immediately brought it to a stop, but too late to avoid the accident. The children had been in plain view for at least a quarter of a block, but she saw neither of them. There were no cars parked in the vicinity of the accident. An eyewitness, traveling east on West Sixth street, observed the younger child start across the street in front of him, and at the same time observed the appellant's automobile approaching from the other direction and that the driver did not appear to see the child. It was his impression that the appellant and her passenger were looking toward each other, as if they were talking. The appellant admitted that had she seen the child when she was two car lengths away from her, she could have stopped in time to avoid the accident. The fact that she stopped within a few feet when she did see the child, indicates that she could have avoided the accident had she observed the child when she started across the street.

The only obstructions in the parking strip were a few widely-spaced utility poles. The woman who was riding in the car with the appellant testified that she was sitting facing south and saw the child before the appellant saw her.

█ Upon this evidence, the jury could find that the appellant was not keeping a proper lookout for children, and that had she been looking, she would have seen the child in time to warn her or to stop her automobile before she reached the point where the child was crossing the street.

In the case of *Nagala v. Warsing,* 36 Wn. (2d) 615, 219 P. (2d) 603, a small boy ran into the side of the defendant's truck, as he was crossing a highway to join his mother on the other side. In upholding a verdict for the plaintiff, we quoted with approval the following statement of the defendant's duty which the trial court made in its memorandum opinion:

" 'In the case at bar, vigilance on the part of the defendant would have disclosed the presence of the child at the side of the highway and vigilance would have disclosed the mother in the highway. If he had seen the child, under the authorities heretofore referred to, he could not drive on the assumption that the child would exercise the care to be expected of a person of mature judgment and experience. It was his duty to observe the child and, having seen him, it was his duty to have appreciated a dangerous situation, and to have stopped, or at least turned, so as to avoid an accident.' "

The authorities referred to in the quoted paragraph are cases which follow, and texts which recognize, the well-established rule that the driver of a vehicle of any kind is bound to anticipate the presence of children upon the public highway and to exercise reasonable diligence to avoid injuring them; and in so doing, he is not justified in assuming that a young child will manifest the judgment and prudence of an experienced man, but must govern his own conduct with some reasonable degree of respect for that fact.

The evidence which we have recited was sufficient to render the appellant's negligence a question for the jury, and the trial court did not err in refusing to direct a verdict in her favor.

In the cases of *Haydon v. Bay City Fuel Co.,* 167 Wash. 212, 9 P. (2d) 98; *Ellefsen v. Wilt,* 36 Wn. (2d) 56, 217 P. (2d) 318; *Femling v. Star Publishing Co.,* 195 Wash. 395, 81 P. (2d) 293; and *Burns v. Harfst,* 42 Wn. (2d) 795, 259 P. (2d) 379, cited by the appellant, this court either sustained the jury's verdict for the defendant or held that the defendant was not guilty of negligence, as a matter of law. All of them differ from this case, however, in that in each

of them, the injured child darted from behind some obstruction and could not have been seen in time to avoid the accident.

■ The appellant complains of error in submitting to the jury the respondent's allegation that she was negligent in failing to sound her horn—contending that there was no direct evidence of such failure. As the trial court stated, when asked to withdraw this issue from the jury's consideration, the only inference to be derived from the evidence is that the horn was not sounded. Witnesses from the neighborhood all testified that their attention was drawn to the accident by the sound of brakes being applied; and the appellant stated that when she saw the child, she immediately applied her brakes. This was sufficient to take the matter to the jury.

■ Error is asserted in the giving of an instruction to the effect that, where reasonable prudence requires it, one driving in a residential area has a duty to keep a lookout for hazards on the sidewalks and areas on each side of the street. The appellant's contention is that the instruction virtually directs a verdict for the respondent. We do not think it is open to this objection. The jury was not told that the appellant failed to keep a lookout, or that the child could have been seen by her had she kept a lookout; the instruction merely stated an applicable rule of law.

■ Error is assigned to the refusal of an instruction requested by the appellant pertaining to the burden of proof, which directed the jury to find for the appellant in case the evidence was evenly balanced. While the giving of the instruction would not have been error, the refusing of it could not have been prejudicial, since its substance was more than adequately covered by other instructions on this subject. The limitation on the appellant's duty of care defined in another of her requested instructions, was likewise amply stated in the instructions given; and the court's refusal of the requested instruction was not reversible error.

■■ The court was asked by the appellant to give an instruction on the emergency doctrine. This instruction was

properly refused, there being no evidence which would make the doctrine applicable. The rule is invoked where one has been confronted with a sudden emergency requiring instant action with no time for deliberation, and contemplates that the emergency has not been brought about by the defendant's negligence. *Sandberg v. Spoelstra,* 46 Wn. (2d) 776, 285 P. (2d) 564. It was never suggested in this case that the appellant acted negligently after she saw the child. If she was not negligent before she reached the position of peril, she was not liable in any event. The requested instruction would have only confused the issue for the jury.

 Finally, it is contended that the court erred in failing to give an instruction pertaining to the duties of pedestrians. Since the respondent's child was too young to be guilty of contributory negligence (see *Von Saxe v. Barnett,* 125 Wash. 639, 217 Pac. 62), this instruction would have also tended to confuse the jury and was properly refused.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.