[No. 38089.   Department Two.   April 28, 1966.]

EUGENE N. GUSTIN, *Respondent*, v. GEORGE J. SUSNAR *et al., Appellants.*\*

*Owen P. Hughes* (of *Neal, Bonneville & Hughes*), for appellants.

*Sterbick, Manza, Moceri, Gustafson & Narigi*, by *Michael S. Manza*, for respondent.

\*Reported in 413 P.2d 822.

WEAVER, J.—This is an action for damages for personal injuries. After all the evidence had been introduced, the court instructed the jury that defendant was liable for damages as a matter of law. The jury returned a verdict for $21,277.80, of which, apparently, $1,277.80 was for special damages. The trial court denied defendant's alternative motions for judgment notwithstanding the verdict and for a new trial.

Defendant makes two assignments of error: (1) that the court should have given the requested cautionary instruction against allowance of punitive or exemplary damages "by reason of any sympathy you might feel for plaintiff"; and (2) that the award of $20,000 general damages was excessive.

Defendant's first assignment of error is not well taken.

■ First: the trial court instructed fully and properly on the measure of damages; no error is assigned to the instructions. In *Blair v. Calhoun,* 87 Wash. 154, 164, 151 Pac. 259 (1915), the trial court refused to give the cautionary punitive damage instruction. This court said:

> It was a proper instruction to give had the court desired, but its refusal is not error, for we will not assume that the jury disobeyed the other directions of the court that, if they found for the respondent, they would allow only such sum as would compensate him for the injury he had sustained.

Second: the jury was instructed that defendant's liability as a matter of law should not prejudice them for or against defendant in their determination of the amount of damages.

Third: the first phrase of the proposed instruction read as follows:

> You are instructed that *if you should find for the plaintiff* . . . . (Italics ours.)

Thus the proposed instruction is not applicable to the instant case, for defendant's liability had already been determined as a matter of law.

■ On numerous occasions, we have discussed the function of an appellate court when considering the claimed

excessiveness or inadequacy of a jury award. *Kramer v. Portland-Seattle Auto Freight, Inc.,* 43 Wn.2d 386, 261 P.2d 692 (1953); *Sherman v. Seattle,* 57 Wn.2d 233, 247, 356 P.2d 316 (1960); *Malstrom v. Kalland,* 62 Wn.2d 732, 734, 384 P.2d 613 (1963); *Lantis v. Pfarr,* 67 Wn.2d 994, 410 P.2d 900 (1966), and *Harvey v. Wight, ante* p. 205, 412 P.2d 335 (1966), and cases cited and discussed, are but a few of the authorities illustrative of our rule that we will not substitute our judgment for that of the jury, or for that of the judge when he denies a motion for a new trial, "unless this court's sense of justice is shocked by the amount of the award." *Sherman v. Seattle, supra.*

It would add nothing to the decisional law of this jurisdiction to detail plaintiff's injuries. As might be expected in the pursuit of good advocacy, the gravity of the injuries is emphasized by plaintiff's counsel; the injuries are minimized by defense counsel. A review of the record, however, convinces us that the amount of the jury award for damages is within the ambit of the evidence. We find nothing to support a conclusion that the award was the result of passion or prejudice.[1]

The judgment is affirmed.

ROSELLINI, C. J., HILL, FINLEY, and HAMILTON, JJ., concur.

---

[1] In a footnote in *Harvey v. Wight, ante* p. 205, 412 P.2d 335 (1966), the court said: "It is only fair to note that it [the verdict] may 'shake' some of us, but it does not 'shock' us." The same may be said for the instant verdict. This, however, is not sufficient to change the rule.