[No. 38929.    Department Two.    August 31, 1967.]

LAURA WEBER, *Respondent,* v. CAROLE BIDDLE et al., *Appellants.*\*

\*Reported in 431 P.2d 705.

*McDonell, Cook & Dunlap,* by *John Patrick Cook,* for appellants.

*Clinton, Moats, Andersen & Fleck,* by *James A. Andersen,* for respondent.

DENNEY, J.†—Appellants Carole Biddle and her mother, Marie E. Day, appeal from a judgment entered on a verdict, awarding respondent Laura Weber $57,500 for serious injuries received by Mrs. Weber in an accident at the intersection of Bothell Way and 73rd N.E. in Seattle about 11:15 p.m. on April 19, 1962. The intersection was controlled by a stop light with red, amber and green signals. Respondent was driving her car south on 73rd N.E. and intended to turn onto Bothell Way. She stopped at the intersection, waited for the light to turn green, and proceeded into the intersection where her car was struck by appellants' vehicle which ran the red light, traveling about 70 miles per hour.

In appellants' vehicle were Carole Day (she married after the accident, and is now Carole Biddle), and a young man, Lyle Ordahl, who occupied the front seat. The back seat was occupied by Berta Munro and her three infant children. The car was owned by Marie E. Day and was

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

maintained as a family car. Carole Biddle was, at that time, a member of her mother's household, and had unrestricted use of the car.

One of the factual issues in the case was whether Carole Biddle or Lyle Ordahl was driving the Day car. Carole Biddle testified that Lyle Ordahl had forcefully pushed her away from the driver's seat when the car was stopped not long before the accident; and that he then proceeded, over her protest, to drive at a high and reckless speed. She was corroborated in this by the testimony of Berta Munro. Respondent countered with the testimony of the two witnesses, who first arrived at the scene of the accident, that a man was seen to crawl away from the door on the passenger's side of the Day vehicle. They also testified that the door on the driver's side was jammed by the accident, and that Carole Biddle was seated partially behind the wheel which pinned her to the seat. She stated to one of the witnesses that she was the driver. Further, Carole Biddle told a state trooper, shortly after the accident, that she was driving and later gave an investigator the same information.

Appellants assignment of error, that the proof was not sufficient to justify a finding that Carole Biddle was the driver, is without merit. The jury was warranted in believing the circumstantial evidence, together with Carole Biddle's admissions, to be sufficient to prove she was the driver.

■ Dr. Carl Allen rendered emergency care to Carole Biddle. He described in detail the cuts upon her face; but he was not permitted to express an opinion that they were sustained by her head hitting the windshield because the trial court believed such was not the proper subject of expert testimony. The jury was as able as the attending physician to determine the cause of the cuts from a description of the damage to the windshield and of the condition of Mrs. Biddle's head. The trial judge is given a wide discretion in determining admissibility of opinion evidence, particularly in the instances where there is fair room for argument for and against admission. We find no abuse of

discretion here. *Ward v. J. C. Penney Co.,* 67 Wn.2d 858, 410 P.2d 614 (1966); *Hill v. C. & E. Constr. Co.,* 59 Wn.2d 743, 370 P.2d 255 (1962).

■ Appellants next contend that the trial court erred in refusing to give the following requested instruction:

> If, after a consideration of all the evidence in this case, you find that the evidence of the plaintiff and that of the defendants are evenly balanced, and that neither plaintiff nor defendants have satisfied you by a fair preponderance of the evidence of the correctness of their respective positions, then the plaintiff has failed in the burden of proof which rests upon her in this case, and your verdict must be for the defendants.

> No verdict for the plaintiff can be based upon speculation or any finding by you as to what may have happened, but must be based upon a finding by you supported by a fair preponderance of the evidence of what did, in fact, happen.

While proper in some cases, *Sherman v. Mobbs,* 55 Wn.2d 202, 347 P.2d 189 (1959), such instruction is not required where, as here, it adds nothing to what is covered by the court's other instructions. *Johnson v. Barnes,* 55 Wn.2d 785, 350 P.2d 471 (1960). In its instructions the trial court told the jury that, if plaintiff failed to prove one or more of the propositions outlined as necessary to authorize recovery, its verdict must be for the defendants. The jury was also told that respondent had the burden of proving negligence, and that such negligence was a proximate cause of the injury. The requested instruction would tend to confuse, rather than clarify, in view of the issues in the case and the instructions given.

Appellants' contention that the verdict is excessive is also without merit. Respondent was 71 years of age at the time of the accident and enjoyed good health. In the accident she received a cerebral concussion, a severe fracture and dislocation of the left hip, a comminuted fracture of the left lower leg extending into the ankle joint, a fracture of the left thumb and right forearm, and fractured ribs. The upper end of the left thigh bone was forced upward into the acetabulum and was pushed partly through the pelvis.

Mrs. Weber's left leg was set and, together with her left hip, was placed in a cast extending above the hip and half way down the right leg. An open reduction was performed on the right forearm, a plate and pin inserted, and her thumb was placed in a cast. She was hospitalized for many weeks, during which time she suffered much pain and discomfort. Her permanent injuries include a shortened left leg, a bony bridge between the bones of the right forearm, and a fragmented left hip joint. These last two conditions are not subject to corrective surgery because of Mrs. Weber's advanced age. Walking more than a few steps requires her to use a cane or a crutch, and her disabilities and pain will continue the rest of her life. Special damages alone exceed $6,000.

We will not substitute our judgment for that of the jury or for that of the judge when he denies a motion for new trial, based on an allegedly excessive verdict, unless this court is shocked by the amount of the award. *Workman v. Marshall*, 68 Wn.2d 578, 414 P.2d 625 (1966); *Gustin v. Susnar*, 68 Wn.2d 504, 413 P.2d. 822 (1966); *Lyster v. Metzger*, 68 Wn.2d 216, 412 P.2d 340 (1966); *Harvey v. Wight*, 68 Wn.2d 205, 412 P.2d 335 (1966); *Guy v. Northwest Bible College*, 64 Wn.2d 116, 390 P.2d 708 (1964). Respondent's injuries were excruciatingly painful, continue to be so, and have left her permanently unable to get about in a normal manner. We cannot say that the verdict was not justified by the evidence.

Before the institution of this case, respondent commenced an action against Carole Biddle, Marie E. Day and Lyle Ordahl. Ordahl defaulted and judgment was taken against him. Later, Safeco Insurance Company paid $10,000 to respondent under an uninsured motorist provision in an insurance contract which respondent had with Safeco. The default judgment against Lyle Ordahl was later vacated upon motion of respondent and with the consent of Lyle Ordahl. The present action was then instituted against appellants. Respondent, at the time of payment of $10,000 by Safeco, executed what is known as a loan receipt and trust

agreement by which she agreed, to the extent of the payment that had been made to her by her insurance company, to withhold a like amount from any monies obtained as a result of legal action for the accident in question.

Appellants sought to make General Insurance Company of America (a company related to Safeco) a party to the action. This motion was denied. It is not clearly apparent under what theory appellants claim joinder was proper. In the motion and in their brief on appeal they cite Rule of Pleading, Practice and Procedure 19, RCW vol. 0. This rule provides:

> (a) . . . [P]ersons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. . . .
>
> (b) . . . When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance; but the judgment rendered therein does not affect the rights or liabilities of absent persons.

Appellants do not explain why the insurance company is either an indispensible or a necessary party. The fact that Safeco, or General Insurance Company, had already paid $10,000 to respondent under the uninsured motorist clause in its contract with respondent, was not directly or indirectly involved in the determination of liability in this case; nor were the appellants in any way prejudiced by refusal of the trial court to compel joinder. There is no suggestion that appellants would be subjected to further liability because of the settlement between Safeco or General and respondent. The judgment in this case is a complete adjudication of appellants' liability. They have no interest in any agreement between General Insurance Company or Safeco and respondent.

■    Appellants also claim the insurance company is the true party in interest, apparently because of the supplemental agreement under which respondent agreed to withhold for the insurer monies obtained in a later action. The validity of such loan and trust agreements was determined by this court in *Clow v. National Indem. Co.*, 54 Wn.2d 198, 339 P.2d 82 (1959). There we held, in accord with the majority of other jurisdictions, that nothing in the execution of such an agreement alters the fact that the insured is the real party in interest. Appellants made no offer to show that the agreement between respondent and Safeco, or General Insurance Company of America, was not truly a loan to be repaid in event respondent should succeed in obtaining money as a result of legal action for the accident in question.

The insurer has made no attempt to become a party to this action. There was no error in refusing to join General Insurance Company. For the same reason, there was no error in refusing to instruct the jury that this case was a subrogation action by which General Insurance Company had already paid respondent $10,000 for her injury.

■    Appellants further contend that they should have been allowed to cross-examine respondent relative to the vacated judgment against Lyle Ordahl. In the first place, a judgment which has been vacated by a valid order is entirely destroyed, and the rights of the parties are left as though no such judgment had ever been entered. 49 C.J.S. *Judgments* § 305. Furthermore, respondent did not, in this case, testify to any facts tending to identify the driver of appellants' car. She did not know. It appears that she so alleged in her complaint in the first action and appellants have made no showing to the contrary. Appellants made no offer to prove that respondent had ever, while a witness at the time judgment was secured in the first action, or at *any* time, made any statement or allegation which was in any way inconsistent with her testimony in this case. The suggested cross-examination as to the vacated judgment therefore in no way impeached Mrs. Weber's testimony in this

case. We find no error in the refusal of the trial court to permit appellants to go into the matter.

■ Appellants contend that it was error to sustain objections to certain pretrial interrogatories which appellants submitted to respondent. These interrogatories asked for *evidence* as to the identity of the driver and all information upon which respondent based her motion to vacate the judgment against Lyle Ordahl, as well as for the testimony of Laura Weber which supported the vacated judgment against Lyle Ordahl. Respondent answered other interrogatories giving appellants a list of the names, addresses and occupations of all witnesses known to respondent who had knowledge of the identity of the driver of appellants' car. Appellants were warranted in asking for the identity of persons who had information on material issues in the case. However, the opposing party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit information as to evidentiary facts as contrasted with ultimate facts, nevertheless it is improper to ask a party to state evidence upon which he intends to rely to prove any fact or facts. The trial court is given reasonable discretion in determining how far respondent should be required to go in answering interrogatories.

In the case of *Newell v. Phillips Petroleum Co.*, 144 F.2d 338, 340 (10th Cir. 1944), the circuit court of appeals said:

> While the rule should be accorded a liberal rather than a narrow interpretation, still the trial court is vested with reasonable discretion in determining whether a party is entitled to have interrogatories answered, and the action of the court in respect thereto will not be disturbed except in case of abuse of the discretion.

W. Barron & A. Holtzoff, Federal Practice and Procedure, § 776 (vol. 2A, rules ed.), states the rule as follows:

> The district court has a broad discretion in considering objections to interrogatories and in determining whether they must be answered. An appellate court will not disturb the action of the district court in this respect unless there has been an abuse of discretion and unless the error is prejudicial.

See also *Snyder v. Maryland Cas. Co.*, 187 A.2d 894 (D.C. Cir. 1963); *Smith v. Big Lost River Irrigation Dist.*, 83 Idaho 374, 364 P.2d 146 (1961).

It is not shown that refusal to require answers to the interrogatories was in any way prejudicial to appellants. Indeed, the testimony at the trial showed that answers to the interrogatories would not have aided appellants. In the case of *Leishman v. Radio Condenser Co.*, 167 F.2d 890 (9th Cir. 1948), the court ruled that, if error be assumed in sustaining objections to interrogatories, such is not prejudicial where answers would not have aided the party propounding such interrogatories. We find that the trial court did not abuse its discretion in sustaining objections to interrogatories and that the ruling was not prejudicial to appellants.

Finally, error is claimed in refusal of the trial court to grant appellants' motion for judgment notwithstanding the verdict and for a new trial. Factual issues were resolved by the jury and the verdict is supported by substantial evidence; therefore judgment notwithstanding the verdict cannot be granted. We find no abuse of discretion on the part of the trial court in denying the motion for new trial.

The judgment of the trial court is affirmed.

FINLEY, C. J., DONWORTH, HAMILTON, and NEILL, JJ., concur.