[No. 2256–2.   Division Two.   July 28, 1977.]

*In the Matter of the Adoption of*
TINA MARIE HICKEY, ET AL.

---

*Perry J. Robinson,* for petitioner.

*John J. Van Buskirk* and *Van Buskirk & Haas,* for respondent (counsel for appeal only).

JOHNSON, J.*—This is an appeal from an order of denial of a motion to vacate a decree of adoption. Lerry Hickey and Lynda Hickey were husband and wife and the parents of the two children here involved. They were divorced December 4, 1970. By the terms of the divorce decree, the custody of the children was awarded to the mother, subject to visitation reserved to the father, and he was ordered to pay support for each of the children. The mother was married to David Jorgenson on February 19, 1971. In April 1974 the Jorgensons filed a petition for adoption by the stepfather. The court, on affidavit of the mother, under RCW 26.32.040(4) and RCW 26.32.050, ordered a hearing to adjudicate the need for the consent of the father under RCW 26.32.080. Subsection 3 of that statute provides that if it appears by affidavit of the petitioner that a person entitled to notice cannot, after diligent search, be found within the state, and if a copy of a notice has been mailed to such person at his last known place of residence, then the court shall order notice by publication in a legal newspaper once a week for 3 consecutive weeks, the first publication of said notice to be at least 25 days prior to the date fixed for the hearing.

---

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

Undisputed findings of fact establish that the first publication on May 1, 1974, was less than 25 days prior to the date fixed for hearing, May 23, 1974. The court on May 23 entered an order decreeing that the consent of the natural father was not required. A decree of adoption was entered on June 12, 1974. Since the appellant did not file a verified petition to vacate the decree within 6 months, as required by RCW 26.32.130, the decree became a final judgment. On October 25, 1975, the mother wrote to the father, advising him of the adoption of the children by her husband; on December 4, 1975, the father filed the motion to vacate the decree of adoption.

█ Beginning with the case of *In re Estate of Renton,* 10 Wash. 533, 39 P. 145 (1895) the Supreme Court has consistently held that adoption, not known to the common law, was purely statutory and must be strictly complied with. *In re Adoption of Parsons,* 76 Wn.2d 437, 457 P.2d 544 (1969); *In re Adoption of Reinius,* 55 Wn.2d 117, 346 P.2d 672 (1959). In a statutory proceeding, the jurisdiction and authority of the courts are prescribed by legislative enactment and the court does not have any power that cannot be inferred from a broad interpretation. *State v. Womack,* 82 Wn.2d 382, 510 P.2d 1133 (1973).

█ The failure to give notice as required by the statute renders the decree of adoption void. *In re Adoption of Hope,* 30 Wn.2d 185, 191 P.2d 289 (1948); *In re Adoption of Blake,* 21 Wn.2d 547, 151 P.2d 825 (1944); *In re Adoption of a Minor,* 191 Wash. 452, 71 P.2d 385 (1937). The trial court, in passing upon the motion to vacate, concluded that it did not have jurisdiction over the parties or the subject matter herein. We are of the opinion that the court erred in that conclusion.

As has been noted above, when the appellant failed to file a verified petition under RCW 26.32.130, the decree of adoption became a final judgment. The statute does not preclude review of the decree as a final judgment. CR 60(b)(5) allows the court to relieve a party from a final judgment on motion, if the judgment is void. A judgment is

void under CR 60(b)(5) if the court lacked jurisdiction of the parties or of the subject matter or lacks the inherent power to make or enter the particular order involved. *Bergren v. Adams County,* 8 Wn. App. 853, 509 P.2d 661 (1973); *In re Adoption of Blake, supra.* The court did have jurisdiction to hear the motion to vacate under CR 60(b)(5), and should have granted the same for failure of proper notice under RCW 26.32.080(3).

Respondent urges that the court should affirm the trial court because its decision was clearly in the best interests of the minor children, citing *In re Adoption of Lybbert,* 75 Wn.2d 671, 453 P.2d 650 (1969), and *In re Maypole,* 4 Wn. App. 672, 483 P.2d 878 (1971). Those cases are distinguishable. In each, the court had jurisdiction of the parties, proper notices were given, both parties were before the court and had an opportunity to be heard, and the statute was fully complied with.

Judgment is reversed and remanded with direction to grant the motion to vacate.

PETRIE, C.J., and REED, J., concur.