[No. 48235-7.   En Banc.   May 13, 1982.]

*In the Matter of the Adoption of*
TROY ANTHONY HENDERSON, ET AL.

*Cullen, Holm & Foster,* by *Christina A. Meserve,* for appellant.

*Patricia L. Morgan* (of *Fuller, Barckley & Morgan*), for respondent.

ROSELLINI, J.—This is an appeal from a judgment denying a petition to vacate an adoption decree.

In January 1980, the appellant married the respondent Geraldine Henderson. On March 11, 1980, he petitioned for the adoption of her three children by a former marriage.

The natural father consented to the adoption. The matter was heard before a court commissioner who granted the petition. The decree prepared by the appellant's attorney stated that it should remain interlocutory for a period of 6 months and should then become absolute.

On September 1, 1980, the parties separated and a petition for dissolution of the marriage was filed on October 9. On September 25, 1980 (within the 6–month period), the adoptive father filed this petition to vacate the adoption decree, asserting that it was "in the best interests of the children that the [decree] be vacated and that the children retain their parental–child relationship with their natural father". The natural father was not made a party to the proceedings. The court granted the mother's motion to dismiss, holding that the decree was erroneously made interlocutory rather than final, and that it had no jurisdiction to vacate the decree.

Prior to 1979, RCW 26.32.120, providing for the entry of adoption decrees, declared that such decrees should be interlocutory for a period of 6 months. Laws of 1955, ch. 291, § 12. Section 13 of that act (formerly RCW 26.32.130) provided a procedure for vacating the decree within the 6–month period. It provided that such a decree might be vacated only where the court found that no other solution was possible, consistent with the welfare of the minor child. In 1979, the Legislature enacted two statutes amending RCW 26.32.120. The first of these, Laws of 1979, 1st Ex. Sess., ch. 101, was entitled "Adoption—Certificate of Birth". The only changes made by this amendment pertained to such certificates, prescribing the procedures where the child was born outside the state, as well as outside the country. This act did not change the provision declaring the decree interlocutory.

The second amendment (Laws of 1979, 1st Ex. Sess., ch. 165) was entitled "Parent/Child Relationship—Termination—Adoption Proceedings". It repealed RCW 26.32.130 and amended numerous sections of RCW Title 26, including RCW 26.32.120. The provisions regarding birth certifi-

cates were changed again. Subsection (5), which had declared the decree to be interlocutory, was deleted. Both of the amendments appear in the 1979 revision of the code. Under both, the decree becomes final if no appeal is taken within 30 days.

RCW 1.12.025 provides that if two acts amending the same statutory section are enacted during the same session without reference to the other, each act shall be given effect to the extent that the amendments do not conflict in purpose, otherwise the act last filed in the office of the Secretary of State in point of time shall control.

Chapter 165 was filed May 11, 1979. Chapter 101 was filed April 30. Consequently, chapter 165 controls in case of conflict.

██ ██ It is obvious that there is a conflict between these two amendments, since one provides for an interlocutory decree and the other deletes that provision. The appellant maintains that the purpose of the section is merely to list the "required" contents of the decree, and that it does not purport to restrict the right of the court to make a decree interlocutory where the circumstances warrant it. However, it is established that adoption is a statutory procedure and the propriety of the action taken by the court must be measured by the statutory language. *In re Adoption of Jackson,* 89 Wn.2d 945, 578 P.2d 33 (1978); *In re Adoption of Sipes,* 24 Wn.2d 603, 167 P.2d 139 (1946); *In re Adoption of Hickey,* 18 Wn. App. 259, 567 P.2d 260 (1977); 2 Am. Jur. 2d *Adoption* § 2 (1962). The appellant does not cite any statute or court rule which gives the superior court authority to grant an interlocutory decree in any case where it is not expressly authorized. The court has discretion, of course, to delay the entry of its decree where the circumstances warrant it, but that is not what was done here.

The changes effected in the law by the latest amendment evidence a legislative intent that adoption decrees should be final from the date of their entry.[1] We find no basis for

---

[1] As of 1979, 18 states provided for interlocutory decrees in adoption proceed-

a holding that the court has inherent power to make an adoption decree interlocutory, when the applicable legislation declares that it shall be final.

The question arises—was the decree merely erroneous or void in its entirety? In *Murphy v. Murphy,* 156 Wash. 571, 287 P. 892 (1930), it was held that a divorce decree which was final in form rather than interlocutory as provided in the applicable statute (Rem. Comp. Stat. §§ 988, 988-1) was effective as an interlocutory decree. The same principle applies here. The court had jurisdiction to enter a decree, and the decree which it entered was ineffective only insofar as it was made interlocutory.

■ A person moving to set aside and vacate an adoption decree must show that he has rights which were adversely affected by the decree. *In re Ivarsson,* 60 Wn.2d 417, 374 P.2d 179 (1962); *In re Adoption of Blake,* 21 Wn.2d 547, 151 P.2d 825 (1944).

■ It is insisted by appellant's counsel that he relied upon the interlocutory provision in the decree, by which we understand that had he known that an interlocutory decree would not be entered, he would have delayed his petition for adoption until he was certain that the new relationships into which he had entered would be of a permanent nature. He asks the court to treat his petition as one for vacation of the judgment under CR 60. It appears that the interlocutory provision in this decree was included through mistake, both on the part of the attorney who represented the appellant at that time and the court commissioner, and the appellant was therefore mistakenly advised concerning his

---

ings. *See* M. Leavy & R. Weinberg, *Adoption* (4th ed. 1979). The authors, commending the requirement, state that "the purpose of the interlocutory decree is to interpose a trial period to determine the compatability of the parties and to ascertain whether the welfare and happiness of all concerned will best be served by approval of the petition." M. Leavy & R. Weinberg, *supra* at 52.

These authors also reveal that, although the practice of adopting children prevailed among the ancient Greeks, Romans, Babylonians and Assyrians, it was unknown to the common law. The first general adoption statutes in the United States were passed in 1850 in Texas and Vermont. Prior to this, as well as later in many jurisdictions, adoptions were negotiated by deed, a now obsolete practice.

rights. In light of the unusual circumstances of the case, and particularly in view of the fact that the vital interests of children are involved, we believe that the appellant should be given an opportunity to show, if he can, that their welfare can best be served by setting aside the decree, pursuant to CR 60(b)(11), permitting vacation of a judgment for "[a]ny other reason justifying relief from the operation of the judgment". *See Allen v. Allen,* 214 Or. 664, 330 P.2d 151 (1958); Annot., *Annulment or Vacation of Adoption Decree by Adopting Parent or Natural Parent Consenting to Adoption,* 2 A.L.R.2d 887, 890 (1948).

The natural father is entitled to notice of this proceeding and an opportunity to appear and be heard.

The cause is remanded to the superior court with directions to conduct a hearing upon the appellant's motion to vacate and to vacate the decree only if it finds that the interests of the children will be best served by such action.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.