[No. 7167–7–III. Division Three. October 9, 1986.]

*In the Matter of the Estate of*
ARTHUR COUCH.

*Jan R. Armstrong* and *Armstrong, Klym & Waite, P.S.,* for appellant.

*Byron P. Shaw* and *Stancik & Shaw,* for respondent.

GREEN, C.J.—Arthur Couch died June 13, 1984. His will was admitted to probate in Benton County. Reba L. Grady, who was not mentioned in the will, filed a petition for an order requiring the personal representative to set aside to her an intestate share of the estate on the basis she was a pretermitted heir. This petition was dismissed for failure to state a claim upon which relief could be granted. CR 12(b)(6). The propriety of this dismissal presents the sole issue on appeal.

The record reveals the following facts. On July 14, 1940, the petitioner Reba L. Couch (now Grady) was born in Cookson, Cherokee County, Oklahoma. Her birth certificate lists Arthur Couch as her father. On July 24, 1948, in Cherokee County, Oklahoma, Hubert Nail, the husband of Reba's natural mother, adopted her. On August 15, 1973, Arthur Couch executed his last will and testament which stated:

> I hereby state that I am divorced, and that I have two children:
> Larry Carl Couch, born August 5, 1945; and
> Douglas Leon Couch, born October 15, 1946, both of whom are adults at the time of the execution of this will.

The will set forth several small specific bequests to relatives and then left the remainder of the estate to the two named children. Reba Grady was not mentioned in the will nor was any bequest left to her. Five days after Mr. Couch's death in June 1984, his will was admitted to probate. Thereafter Reba Grady learned of the death and the contents of the will. On January 10, 1985, her petition to the court in Cherokee County, Oklahoma, to vacate her adoption decree, allegedly on the ground Arthur Couch was never given notice of the adoption proceeding, was granted without notice to the personal representative in the Washington probate. On January 22, 1985, Reba Grady moved for an order requiring the personal representative to set aside her intestate share of Arthur Couch's estate claiming she was a pretermitted heir. The estate moved to dismiss

this petition for failure to state a claim and the motion was granted. Reba Grady appeals.

■ Dismissal for failure to state a claim may be granted only if it appears beyond a doubt that plaintiff can prove no set of facts, *i.e.,* any set of facts consistent with the complaint, which would entitle the plaintiff to relief; the plaintiff's factual allegations are presumed to be true for the purposes of this CR 12(b)(6) motion. *Orwick v. Seattle,* 103 Wn.2d 249, 254, 692 P.2d 793 (1984). Here, Reba Grady alleges she was a pretermitted heir and attaches to her petition copies of her birth certificate naming Arthur Couch as her father, the allegedly defective adoption decree and the order of the Oklahoma court setting aside and vacating the adoption decree.

RCW 11.04.085 provides: "A lawfully adopted child shall not be considered an 'heir' of his natural parents . . ."

RCW 11.12.090 provides:

> If any person make his last will and die leaving a child . . . not named or provided for in such will, . . . every such testator, as to such child . . . not named or provided for, shall be deemed to die intestate, and such child . . . shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate . . .

■ The question is whether Reba Grady was "lawfully adopted" by her mother's husband. If she was, then her claim against the estate must be denied; if she was not, then her claim should be granted. The Oklahoma court found that she was not lawfully adopted and vacated the adoption decree, presumably on the ground Arthur Couch was not given notice of the adoption. The Oklahoma adoption decree does not mention Arthur Couch and apparently considered the father's consent to be unnecessary.[1] The decree states:

---

[1]The apparent basis of Oklahoma's decision to set aside the decree is consistent with the law of this state that failure to give notice to a natural parent of a pending adoption renders the decree of adoption void. *In re Hope,* 30 Wn.2d 185, 191 P.2d 289 (1948); *In re Hickey,* 18 Wn. App. 259, 261, 567 P.2d 260 (1977).

> [T]here came on for hearing the petition of Hubert Nail and Mary Nail, husband and wife, to adopt as their own child the above named Reba Lee Couch, and there being present at the court the said petitioners and the said child . . . and having been made to appear to the court from the petition, consent of adoption and sworn testimony of witnesses that said child is the *illegitimate* child of petitioner Mary Nail. . . and that *she is the one who has sole care and custody and legal authority and right to consent to said adoption* . . .

(Some italics ours.) A judgment which has been vacated is of no force or effect and the rights of the parties are left as though no such judgment had ever been entered. *Weber v. Biddle,* 72 Wn.2d 22, 28, 431 P.2d 705 (1967). Thus, the effect of the Oklahoma vacation of its adoption decree, assuming the validity of the order vacating the decree, is as if the adoption never occurred. Article 4, section 1 of the United States Constitution provides full faith and credit must be accorded judgments of sister states having jurisdiction of the parties and the subject matter.

For purposes of CR 12(b)(6), accepting Reba Grady's factual allegations as true along with copies of her birth certificate naming Arthur Couch as her father, the adoption decree which is defective on its face and the order of the Oklahoma court setting aside and vacating the adoption decree, Reba Grady has stated a claim and alleged sufficient facts to overcome the CR 12(b)(6) motion. Any defense the personal representative may have as to the validity of the Oklahoma order vacating the adoption decree may be asserted at trial.

Reversed and remanded.

MUNSON and THOMPSON, JJ., concur.