953 P.2d 812 (1998)
INTERSTATE PRODUCTION CREDIT ASSOCIATION, a corporation organized under the law of the United States, Respondent,
v.
Lyle R. MacHUGH and Barbara J. MacHugh, husband and wife, individually and the marital community of them composed; d/b/a MacHugh Nursery, Appellants.
No. 15908-6-111.
Court of Appeals of Washington, Division 3, Panel Three.
February 10, 1998.
Publication Ordered April 6, 1998.
*813 Charles M. Andersen, Winston & Cashatt, Spokane, for Appellants.
John R. Nelson, Preston Gates & Ellis, Spokane, for Respondents.
SWEENEY, Judge.
The question here is whether Lyle and Barbara MacHugh, the debtors, are entitled to loss of use damages after successfully asserting an equitable estoppel defense to a foreclosure action. The court concluded they were not. We agree and affirm.

FACTS
The MacHughs owed Interstate Production Credit Association (IPCA) $2,646,888.74 in agricultural loans and interest. The loans were secured by mortgages and an unrecorded quitclaim deed to part of the MacHughs' farm. In 1986, IPCA sued to foreclose. The property was in receivership until 1989. In 1989, the court granted IPCA's summary judgment to foreclose. It purchased the farm at the judicial sale. The MacHughs appealed the foreclosure. This court vacated the summary judgment and remanded for trial on the merits. Interstate Prod. Credit Ass'n v. MacHugh, 61 Wash.App. 403, 810 P.2d 535 (1991).
On December 2, 1992, a jury awarded the MacHughs a total judgment of $4,888,335. In addition to $2,241,456 in money damages, IPCA was equitably estopped from foreclosing or otherwise collecting the underlying $2,646,889 debt.
IPCA appealed. The parties agreed on a dollar amount necessary to supersede enforcement of the judgment. Stay of enforcement of judgments pending appeal is governed by RAP 8.1(b). RAP 8.1(b)(1) applies to money judgments and provides relief from enforcement of a money judgment by filing a supersedeas bond. The bond must be in the amount of the judgment and interest, plus attorney fees, costs and expenses likely to be awarded on appeal. RAP 8.1(b)(2) pertains to judgments affecting land and allows a stay *814 of enforcement of a decision affecting the rights to land by filing a supersedeas bond.
In February 1993, the parties stipulated to a supersedeas order requiring IPCA to escrow, in lieu of bond, a certificate of deposit for $2.7 million. This amount covered the $2.241 million money judgment plus anticipated interest at 12 percent and costs on appeal. The order granted IPCA the right to "supersede the enforcement of the judgment and decision" in the action. IPCA retained its security interests in the property during the appeal.
The MacHughs' son, David MacHugh, offered to lease and farm the land on the condition IPCA would relinquish any rights to the crop if the judgment were reversed on appeal. IPCA refused. It responded that title and possession remained with the MacHughs. David MacHugh decided not to farm the property. The land remained idle and deteriorated. No taxes or irrigation assessments were paid.
In August and September 1994, lawyers for IPCA and the MacHughs exchanged letters in which both parties acknowledged that the supersedeas procedure for money judgments outlined in RAP 8.1(b)(1) was the controlling authority. The MacHughs' lawyer acknowledged that this rule precluded the MacHughs from returning to court for relief after the supersedeas order had been entered.
However, in September 1994, the MacHughs suggested that the supersedeas order effectively superseded not only the money judgment but also the equitable estoppel defense leaving IPCA free to foreclose. The MacHughs invoked for the first time RAP 8.1(b)(2). The MacHughs concede the stipulated order neither invoked RAP 8.1(b)(2) nor complied with its procedural requirements.
IPCA lost its appeal. IPCA paid the judgment and released its security interests in the land. The MacHughs then moved for $429,708.94 damages for the loss of use of the land during the appeal. The court denied recovery of damages for loss of use. The MacHughs appeal.

DISCUSSION
The Judgment Of Estoppel Was Never Superseded. We apply principles of statutory construction to the interpretation of court rules. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993). When a dispute involves both interpretation of the rule and inferences to be drawn from the facts, this court determines the law independently and applies it to the facts as found by the court unless those findings are clearly erroneous. Edinger v. Employment Sec. Dep't, 58 Wash.App. 525, 528, 793 P.2d 1004 (1990). When a court order incorporates an agreement between the parties, the meaning of the order is the same as the meaning objectively manifested by the parties at the time they formed the agreement. In re Marriage of Boisen, 87 Wash.App. 912, 920, 943 P.2d 682 (1997). If only one reasonable meaning can be ascribed to the agreement when viewed in context, that meaning necessarily reflects the parties' intent; if two or more meanings are reasonable, a question of fact is presented. Id. at 920-21, 943 P.2d 682. We review questions of fact only for substantial evidence. Thorndike v. Hesperian Orchards, Inc., 54 Wash.2d 570, 575, 343 P.2d 183 (1959). The stipulated order of supersedeas incorporates an agreement between the parties. If the court's determination of the meaning of the stipulation is supported by substantial evidence, we must uphold the court's finding.
The MacHughs claim the estoppel, and thus the stay of foreclosure, was superseded by the stipulated order. They point to language in the order providing that IPCA can supersede the judgment and decision. "Judgment," they contend, refers to the money judgment. And since "decision" must refer to something, they conclude it refers to the favorable equitable estoppel verdict, which was therefore also superseded.
Since IPCA retained its security interests, the MacHughs claim they were neither in possession nor control of the property. IPCA responds that the stipulated agreement by its plain language did not supersede the estoppel. We agree. The plain language of the stipulated order and RAP 8.1 are dispositive.
*815 A judgment is superseded under RAP 8.1 by following its mandatory procedures, including the posting of bond. RAP 8.1(b); Lampson Universal Rigging, Inc. v. Washington Pub. Power Supply Sys., 105 Wash.2d 376, 378-79, 715 P.2d 1131 (1986). In a decision affecting land, the amount of the bond will ordinarily be the reasonable value of the use of the land. RAP 8.1(b)(2). If that is inadequate to secure the loss, that party must prove the additional losses. RAP 8.1(b)(2). The posting of bond is a prerequisite to superseding the judgment. RAP 8.1(c).
In construing the MacHugh-IPCA stipulated supersedeas agreement, the court looked at both the language of the agreement and the conduct of the parties. The court observed that neither the agreement nor the conduct implicated RAP 8.1(b)(2) or made any attempt to implement its bond procedures. Therefore, the court correctly concluded that the parties did not intend to supersede the estoppel under the provisions of RAP 8.1.
Here, the correspondence between counsel shows that until a year after the entry of the stipulated order, all supersedeas negotiations focused on the $2.241 million money judgment. It was not until September 1994, a year and a half after entry of the supersedeas order, that counsel for the MacHughs noted that the stipulated agreement contained no provision covering the accumulating expenses associated with the non-use of the land. A party signals the intent to supersede a judgment by filing a motion and posting bond. RAP 8.1(b), (c). The other party may object to the amount of the bond within seven days. RAP 8.1(d). The trial court's finding that the stipulated order does not manifest an intent to supersede the estoppel is amply supported by the evidence.
The MacHughs Retained The Right To Use The Land. The MacHughs contend IPCA effectively retained title to the property by refusing to relinquish its security interests pending appeal. This prevented the MacHughs from selling. The MacHughs also claim IPCA prevented them from leasing the farm to David MacHugh when it refused to relinquish any claim to the MacHughs' profits in the event IPCA won on appeal.
The MacHughs base this claim on the RAP 12.8[1] provisions for recovery of losses incurred during the pendency of an appeal. They rely on Norco Constr., Inc. v. King County, 106 Wash.2d 290, 721 P.2d 511 (1986) for their contention that loss of use damages are recoverable even when not provided for in the supersedeas order.
The MacHughs misinterpret RAP 12.8. RAP 12.8 by its terms provides for restitution if an unsuperseded judgment is collected but later reversed on appeal. Here, the MacHughs did not lose below. No judgment was ever enforced against them. No judgment was reversed on appeal. And they seek not restitution but lost profits. RAP 12.8 does not apply.
Their reliance on Norco is similarly misplaced. In Norco a developer suffered losses pending an appeal by King County from a writ of mandamus to issue a building permit. The county could, and did, supersede the judgment without posting a bond. Norco, 106 Wash.2d at 292, 721 P.2d 511. Norco prevailed on appeal. The court held that a municipality that supersedes a judgment without posting a bond (pursuant to RAP 8.1(e) immunity) is liable for loss of use notwithstanding the absence of bond. Id. at 296-97, 721 P.2d 511. Here, IPCA was not a municipality. It was therefore required to post a bond. Norco is distinguishable.
The MacHughs' contention that IPCA's security interest operated to preclude them from using their land is also unsupported. At no time did title pass from the MacHughs to IPCA. When the receivership terminated prior to the judgment, the MacHughs owned and controlled the property. The sheriff's sale pursuant to the summary judgment of foreclosure did not vest title in *816 IPCA. W.T. Watts, Inc. v. Sherrer, 89 Wash.2d 245, 248, 571 P.2d 203 (1977) (sheriff's certificate of purchase does not pass title); Cogswell v. Brown, 102 Wash. 625, 173 P. 623 (1918) (title does not pass until redemption period expires and sheriff's deed issues). Furthermore, this court reversed and vacated the summary judgment of foreclosure, voiding the sheriff's sale. Interstate Prod. Credit, 61 Wash.App. 403, 810 P.2d 535. A judgment vacated by valid order is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered. In re Estate of Couch, 45 Wash.App. 631, 634, 726 P.2d 1007 (1986).
IPCA concedes the mortgages created a cloud on the title. But the MacHughs do not claim they intended to sell the land. There was nothing to prevent them from farming the land or leasing it. If IPCA had won reversal on appeal, the mortgages could have been foreclosed at that time. The most IPCA could recover from the MacHughs by way of restitution (under RAP 12.8) would be the rental value the MacHughs received. Neither side cites authority for what seems to have been their operating assumption that IPCA could have claimed against David MacHugh, a third party lessee, for the value of the crop. The MacHughs' losses pending review were not caused by IPCA.
Affirmed.
SCHULTHEIS, C.J. and BROWN, J., concur.
NOTES
[1] RAP 12.8 provides in part:

"If a party has ... satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution."