[No. 24480-2-II.   Division Two.   August 18, 2000.]

JAN HENRY, ET AL., *Respondents*, v. PAUL A. BITAR, *Appellant*.

138

*Thomas A. Brown* (of *Brown, Lewis, Janhunen & Spencer*), for appellant.

*Jack W. Hanemann* (of *Hanemann, Bateman, Jones & Bardwil*); and *Mark D. Waldron* (of *Orlandini Waldron, P.S.*), for respondents.

ARMSTRONG, C.J. — Plaintiff Jan Henry and others obtained a money judgment, approximately $138,000, against

Paul Bitar. Bitar was also ordered to specifically perform a contract authorizing plaintiffs to purchase certain real property from him. The specific performance judgment allowed the plaintiffs 17 months to exercise their right to purchase. Bitar appealed and filed an appeal bond in the amount of $160,000. Bitar's appeal was ultimately denied but, in the meantime, the 17 months had expired. Bitar then moved for a satisfaction of judgment, arguing that because the specific performance portion of the judgment had not been superseded, the plaintiffs' time to purchase the property had expired. The trial court denied Bitar's motion and set a new 17-month period. Bitar now appeals this ruling. We affirm.

## FACTS

Ten years ago, Bitar entered into a contract with BTR Homes, Inc., under which BTR or its assigns were entitled to purchase and sell some of Bitar's multilot development. Five years later, the purchaser-plaintiffs obtained against Bitar the $138,000 judgment, costs and attorneys fees, and an order for specific performance of the contract. Bitar appealed and filed a supersedeas bond for $160,000. The bond did not state whether it applied to the entire judgment or only part of the judgment. By an unpublished opinion, this court affirmed the trial court. Bitar moved for reconsideration and petitioned for review to the Washington Supreme Court. Both the motion and the petition were denied. A mandate was entered on January 14, 1999.

After the mandate was entered, Bitar paid the money judgment but claimed the specific performance portion had expired on November 22, 1996. Bitar moved for an order directing satisfaction of judgment. The trial court denied the motion and reset the time period for specific performance.

## ANALYSIS

The parties disagree whether the supersedeas bond

stayed both the money judgment and the judgment affecting property. Bitar contends that the bond applied only to the money judgment and that Henry[1] should have realized from the amount of the appeal bond that it superseded only the money judgment. And, continues Bitar, because the specific performance portion of the judgment was not stayed, plaintiffs' 17 months to purchase the property has expired.

RAP 8.1 sets forth the procedure for obtaining a supersedeas bond on appeal. A party may stay enforcement of either a money judgment or a judgment affecting property by posting a bond. RAP 8.1(b). To stay a money judgment, the bond must be in the amount of the judgment, interest, attorneys fees, and expenses likely to accrue during the appeal. RAP 8.1(b)(1). To stay a judgment affecting property rights:

> The amount of the bond shall be the amount of any money judgment entered by the trial court plus the amount of the loss which the prevailing party in the trial court would incur as a result of the party's inability to enforce the judgment during review. Ordinarily, the amount of loss will be equal to the reasonable value of the use of the property during review.

RAP 8.1(b)(2). A party may object to the sufficiency of a bond within 7 days of being served with a copy of the bond. RAP 8.1(d).

Here, the money judgment totaled $138,325.96. Bitar posted a bond of $160,000. He argues that because the total value of the judgment was in excess of one million dollars, any supersedeas bond intended to cover the entire judgment would have to be in excess of one million dollars. Because of this, according to Bitar, Henry should have realized from the amount of the bond that it was intended to supersede only the money judgment. Bitar also argues that we should look beyond the face of the bond at the conduct of the parties to determine if the bond was intended

---

[1] There are multiple respondents in this case. Henry is used to refer to all of the respondents.

to stay enforcement of the specific performance. Specifically, Bitar argues that when he attempted to negotiate an agreement using the real property as security for the supersedeas bond, opposing counsel said that they wanted "[c]ash on the barrel-head." From this, Bitar reasons that it should have been apparent to all parties that the bond was intended to supersede only the money judgment.

Henry counters that Bitar's computations refer to the market value of the property, not the loss of use value of the property during the appeal. And, continues Henry, he had no loss from not being able to use the property during the appeal because the remedy of specific performance will make him whole. The trial court considered the value of a bond to stay enforcement of specific performance to be speculative.

Bitar relies on *Interstate Prod. Credit Ass'n v. MacHugh*, 90 Wn. App. 650, 953 P.2d 812, *review denied*, 136 Wn.2d 1021 (1998). The judgment in *MacHugh* had two parts, a money judgment and a judgment of estoppel preventing foreclosure on the MacHugh's farm. *MacHugh*, 90 Wn. App. at 653. "[T]he parties stipulated to a supersedeas order requiring [Interstate Production Credit Association] to escrow, in lieu of bond, a certificate of deposit for $2.7 million. This amount covered the $2.241 million money judgment plus anticipated interest at 12 percent and costs on appeal." *Id.* Thus the parties voluntarily agreed to stay only a portion of the judgment. And the court held that the parties' agreement and conduct did not implicate RAP 8.1(b)(2), thus, there was no intent to supersede the estoppel. *Id.* at 655. Here, unlike in *MacHugh*, the parties did not agree on the terms of a supersedeas order. Rather Bitar posted a supersedeas bond that did not state whether it was intended to supersede only the money judgment or the order directing specific performance. And although RAP 8.1 deals with both money judgments and judgments affecting property, the rule does not require separate bonds for each: "The amount of *the bond* shall be the amount of any money judgment entered by the trial

court *plus* the amount of the loss . . . ." RAP 8.1(b)(2) (emphasis added).

The parties essentially argue the facts and what they believe to be reasonable inferences from the facts. The trial court did not conduct an evidentiary hearing to determine what, under the facts, the parties understood the bond to supersede. Nevertheless, the court construed the facts against Bitar, ruling that the value of a bond that would supersede the entire judgment was speculative. This essentially rejects Bitar's argument. And neither party argues that the trial court erred in construing the facts on the basis of affidavits alone. Bitar simply urges us to accept his view of what should have been reasonably inferred. But resolving factual disputes, including what reasonable inferences may be drawn, is the job of the trial court. *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 959, 350 P.2d 1003, 353 P.2d 671 (1960). We review such decisions only to determine whether substantial evidence supports them. *Id.* at 959. Here, the trial court accepted Henry's version of what the parties understood or should have understood from the amount of the bond and the parties' conduct. Because the evidence supports this finding, we will not disturb it.

We affirm.

BRIDGEWATER and HUNT, JJ., concur.

Reconsideration denied September 12, 2000.
Review denied at 142 Wn.2d 1029 (2001).