[No. 3427.    Decided November 21, 1899.]

The State of Washington, *on the Relation of Adam Orth,* v. E. D. Benson, *as Judge of the Superior Court of King County.*

APPEAL—SUPERSEDEAS AGAINST WRIT OF RESTITUTION—CESSATION OF CONTROVERSY.

Under Bal. Code, §§ 5546-5548, providing for appeals in actions of unlawful detainer, and that, if defendant appeals, he may have a stay of proceedings pending appeal, upon filing a bond therefor, which will stay all proceedings in the case, suspend any writ of restitution, and permit the defendant to remain in possession of the premises, until the determination of the appeal, it is the duty of the judge to fix the amount of a supersedeas bond staying the issuance and service of the writ of restitution, even if it appear from the pleadings in the case that the contract under which defendant claims possession has expired prior to his application for the stay of the writ. (Dunbar and Fullerton, JJ., dissent.)

*Original Application for Mandamus.*

*Fred H. Peterson,* for relator.

The opinion of the court was delivered by

Reavis, J.—On the 5th of June, 1899, the Yesler Estate, Incorporated, commenced an action of unlawful detainer against the relator, Orth, and procured the issuance of a writ of restitution of the premises in controversy in the action. Three days thereafter the relator gave a bond to stay the writ as provided by law, and remained in possession of the premises until after the rendition of judgment. The action was tried on the 7th of September, 1899, before the respondent, as judge of the superior court; and at the trial, after hearing the testimony, and at the conclusion thereof, the judge sustained a challenge made by plaintiff to the legal sufficiency of the evidence, and decided as a matter of law that a

verdict should be found, discharged the jury from further consideration of the cause, and directed judgment to be entered for plaintiff. A motion for a new trial was made in said cause and overruled. Judgment was duly entered therein. On the 3d of October, 1899, notice of appeal was duly served and filed in said cause by the relator, and immediately thereafter relator appeared before the respondent as judge, and moved that the amount of the supersedeas bond to be given and filed by relator in favor of said Yesler Estate, Incorporated, to stay all proceedings upon said judgment, including also a stay of the writ of restitution, be fixed by the court. Counsel for both plaintiff and defendant appeared before the judge, and, after argument, the respondent, as judge, denied the application to fix the amount of the supersedeas bond staying the issuance and the service of the writ of restitution, but offered to fix the amount of the supersedeas bond to stay execution of the money judgment entered in said action. A return of the respondent to the alternative writ avers that it appeared as an undisputed fact in the pleadings that relator's only claim of right to the possession of the premises had, by the terms of the contract of agreement stated in the answer, expired on the first day of October, 1899, and that the relator had remained in the possession of the premises for the full period of time to which he was entitled in the premises by the agreement pleaded by him; and that it further appeared by the undisputed testimony that the relator was required to pay, under his contract, for the period of time involved in the controversy, the sum of $820, the amount for which judgment was in fact entered. And the respondent concluded that relator was not at the time aggrieved by that part of the order and judgment of the court directing the issuance against him of the writ of restitution to restore possession of the premises, and refused to fix the amount of the super-

sedeas bond to stay the issuance and service of the writ of restitution.

Substantially the contention made by counsel for respondent is that no real contention arises upon the appeal, and therefore the superior court was authorized to end the controversy relative to the right to stay the writ of restitution. The pleadings are annexed to the return, and show the issues upon which the cause was tried. Section 5546, Bal. Code, relative to appeals in this class of actions, provides: "If either party feels aggrieved by the judgment he may appeal to the supreme court, as in other civil actions;" and § 5548 provides what proceedings shall be had if writ of restitution has been issued, and also if it has been executed. It was not competent, under the statutes cited, for the superior court to determine the relator's right of appeal. Its clear duty was, when notice of appeal was duly served and filed, upon application, to exercise its discretion and fix the amount of the bond to stay the service of the writ of restitution.

But another suggestion is made by counsel for respondent to this court, and that is that, when the subject matter of the controversy ceases to exist, the appeal should be dismissed; and the case of *Hice v. Orr,* 16 Wash. 163 (47 Pac. 424), and other cases are cited to maintain such view. But *Hice v. Orr* is not the same as this case. That was a proceeding to compel the mayor of Tacoma to make a nomination for the office of city attorney, which was vacant. An alternative writ was issued by the superior court, and on the return day a demurrer to the writ was sustained, and, the plaintiff standing upon the sufficiency of the writ, judgment was entered dismissing the proceedings, and the plaintiff appealed. When the cause on appeal came on for hearing in this court, it appeared by the affidavit of the city clerk and other proper exhibits that, after the appeal was perfected here, a city attorney had been nomi-

nated by the mayor and confirmed by the council, and was then discharging the duties of the office. A motion was made to dismiss the appeal because there was no longer any actual controversy involving any substantial rights, and no subject matter upon which the judgment of this court could operate. The principle there asserted was merely that, if there is no longer any controversy to be determined, a case will not be heard on appeal. The pleadings in the return in the case at bar disclose a controversy. We cannot inspect the record of the trial to determine the merits of that controversy. The right of appeal is given by the statute, and relator was entitled to have the bond fixed for which he applied.

The writ of mandate will issue as prayed for.

GORDON, C. J., and ANDERS, J., concur.

DUNBAR, J. (dissenting)—I am compelled to dissent from the opinion of the majority in this case. It seems to me it falls squarely within the rule announced by this court in *Hice v. Orr,* 16 Wash. 163 (47 Pac. 424). It is true that, in that case, as stated by the majority opinion in this, when the cause on appeal came on for hearing in this court it appeared that a city attorney had been nominated by the mayor and confirmed by the council, and was then discharging the duties of the office; but a motion was made to dismiss the appeal because there was no longer any actual controversy involving any substantial rights, and no subject matter upon which the judgment of this court could operate. The same state of affairs exists in the case at bar. It appears by the record made by the relator that his lease had expired before the judgment from which he seeks to appeal was rendered, and that, according to the record which he has made, there is no subject of controversy to be litigated in this court. When a controversy exists, it is no doubt true, as said by the majority, that it is the duty of the court to exercise its

discretion and fix the amount of the supersedeas bond on appeal.    It is true, also that the statute provides that, if either party feels aggrieved by the judgment, he may appeal to the supreme court as in other civil actions; but the statute must be construed with reference to the remedy intended, and it must be a real, and not a fancied, grievance which appears from the record.    But when it affirmatively appears from the record that there is no grievance which this court can determine, then it would be useless to hold with the dry letter of the law.    In other words, it is not the correctness of the party's contention, but the question whether he makes any contention in the record, that gives the right of appeal, or that determines whether he feels aggrieved within the meaning of the law. In the case of *Hice v. Orr, supra,* and in many other subsequent cases, this court has dismissed appeals upon motion where a showing was made that the subject of the controversy no longer existed.    It is palpable that, if the answer of the relator shows that his lease had expired before the judgment was rendered, the subject of controversy in this case no longer exists.    It would be inconsistent for this court to compel the lower court to nominate a supersedeas bond for the purpose of effecting an appeal for the benefit of the relator, when, if the same state of facts which exists here was shown upon a motion to dismiss the appeal after it comes here, the court would sustain the motion.    Certainly, under the authorities cited, and under all authority, if, upon a motion made to dismiss this appeal after it is instituted, it should appear, not only that before judgment the subject of controversy, viz., the tenure of the lease, had expired, but that after judgment it had expired, this court would hold that there was no controversy existing, and that the appeal

should be dismissed. That being the case, the writ should be denied.

FULLERTON, J., concurs in dissenting opinion.