# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| IBEW HEALTH & WELFARE TRUST OF SOUTHWEST WASHINGTON, | No. 48627-0-II |
| Respondent, | |
| v. | |
| DONALD RUTHERFORD, an individual, and ROBERTA CRAWFORD, an individual, | PUBLISHED OPINION |
| Appellants. | |

LEE, J. – This matter comes before us on IBEW Health and Welfare Trust of Southwest Washington's (IBEW) motion to modify our court commissioner's ruling on a motion filed under RAP 8.1(h), objecting to the supersedeas bond amount set by the trial court.[1] We hold that the court commissioner erred in reviewing the supersedeas bond amount de novo and that the trial court did not abuse its discretion in setting the supersedeas bond amount. Therefore, we grant the motion to modify and reinstate the trial court's order setting the supersedeas bond amount.

FACTS

IBEW sued Donald Rutherford and Roberta Crawford (collectively, Rutherford). The trial court awarded a judgment of $57,141.69 against Rutherford in favor of IBEW on May 15, 2014. Rutherford filed a notice of appeal. Rutherford also filed a motion requesting that the trial court stay the enforcement of the judgment "subject to any security the Court may require." Clerk's

---

[1] Pursuant to RAP 17.6(b), we decide this motion to modify by opinion.

Papers (CP) at 261. At the hearing on the motion for stay, Rutherford proposed a bond in the amount of $58,643.18 and IBEW proposed a bond amount of $96,874.39. IBEW also suggested that the trial court round up the bond to $100,000. The trial court granted the motion to stay, subject to Rutherford filing a bond or security in the amount of $100,000.

Rutherford filed a motion under RAP 8.1(h) in this court to reduce the supersedeas bond amount set by the trial court. A commissioner of this court reduced the amount of the bond to $75,000, stating, "The supersedeas bond amount is reduced to $75,000 to more accurately reflect the amount of possible attorney fees on appeal that may be awardable to IBEW." Clerk's spindle (March 23, 2016 notation ruling). IBEW moved to modify the commissioner's ruling.

ANALYSIS

IBEW argues that the commissioner inappropriately engaged in a de novo review of the trial court's determination of the bond amount. We agree.

A.     STANDARD OF REVIEW

RAP 8.1 provides for supersedeas as a means for delaying the enforcement of money judgments and sets forth the procedure for obtaining a supersedeas bond on appeal. A party may stay enforcement of a money judgment by filing a supersedeas bond in the trial court.[2] RAP 8.1(b)(1), RAP 7.2(h). To stay a money judgment, the trial court must set the bond in the amount of "the judgment, plus interest *likely to accrue* during the pendency of the appeal and attorney fees,

---

[2] RAP 7.2(h) authorizes the trial court to act on matters of supersedeas, stays, and bonds, as provided for in RAP 8.1, RAP 8.4; CR 62(a), (b), and (h); and RCW 6.17.040. Although Rutherford cited RCW 6.17.040 and CR 62 in their motion to stay proceedings in the trial court, at the hearing on their motion, they asserted that RAP 8.1 controlled. RAP 8.1 controls this proceeding.

costs, and expenses *likely to be awarded* on appeal." RAP 8.1(c)(1) (emphasis added). *Henry v. Bitar*, 102 Wn. App. 137, 140, 5 P.3d 1277 (2000), *review denied*, 142 Wn.2d 1029 (2001). A party may object to the supersedeas decision of the trial court by motion in this court. RAP 8.1(h).

When a notice of appeal is filed and a bond is sought to stay proceedings, a trial court's duty is "to exercise its *discretion* and fix the amount of the bond to stay." *State v. Benson*, 21 Wash. 580, 582, 59 P. 501 (1899) (emphasis added). Thus, the amount of the bond is a discretionary determination by the trial court.

Also, when Rutherford moved to stay the enforcement of the judgment, the amount of the judgment had been established, but the remaining RAP 8.1(c) factors for consideration–interest, attorney fees, costs, and expenses likely to accrue during the pendency of the appeal–were uncertain. Determination of these other factors necessarily required the trial court to exercise its discretion in estimating not only the amount likely to accrue but to estimate the length of the appeal. Indeed, a trial court's determination of interest and attorney fees, without the added estimate of the cost of additional legal work and the length of appeal, is reviewed for an abuse of discretion. *See Arzola v. Name Intelligence, Inc.*, 188 Wn. App. 588, 595, 355 P.3d 286 (2015); *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). Thus, we hold that a trial court's supersedeas bond amount determination is reviewed for an abuse of discretion.

Here, the commissioner apparently conducted a de novo review of the trial court's determination of the amount of the supersedeas bond. That was error.

B.      SUPERSEDEAS BOND AMOUNT

Next, we determine whether the trial court abused its discretion in setting the supersedeas bond amount at $100,000. The trial court was presented with estimates from both parties.

IBEW estimated the amount necessary to be $96,874.39. This estimate included the judgment of $57,141.69; post-judgment interest to the time of the trial court hearing of $11,854.16; an additional year of post-judgment interest until the appellate decision of $6,875.79; post-judgment attorney fees, costs and, expenses of $11,002.75; and attorney fees, costs, and expenses likely to accrue on appeal of $10,000.00. IBEW suggested that the trial court round up to $100,000, leaving the exact amount to the trial court's discretion.

Rutherford proposed a supersedeas amount $58,643.18. They argued that IBEW had garnished $7,444.08, so that amount must be subtracted from the judgment amount. Rutherford calculated interest that was likely to accrue to be $8,945.57. They also argued that post-judgment attorney fees, costs, and expenses, and appellate attorney fees and costs were not recoverable.

We hold that the trial court did not abuse its discretion by accounting for the possibility of post-judgment and appellate attorney fees and costs. And the estimated amount of post-judgement interest and attorney fees and costs likely to accrue pending appeal necessarily are subjective. Based on the amounts at issue, the trial court did not abuse its discretion in setting the supersedeas bond at $100,000.

No. 48627-0-II

CONCLUSION

We hold that a trial court's determination of the supersedeas bond amount is reviewed for an abuse of discretion. Here, the trial court did not abuse its discretion in setting the supersedeas bond at $100,000. Accordingly, we grant the motion to modify the commissioner's ruling and reinstate the trial court's order setting the supersedeas bond amount.

Lee,

We concur:

Worswick, J.

Maxa, A.C.J.

5