# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KEYBANK, NA,

        Respondent,

        v.

GINGER ATHERTON,

        Appellant,

HENRY DEAN, as trustee for the
Sharon Graham Bingham 2007 Trust;
ESTATE OF SCOTT BINGHAM;
KELLY BINGHAM; UMPQUA BANK;
OPUS BANK, as successor-in-interest
to Cascade Bank; WASHINGTON
FEDERAL, NA, itself and as
successor-in-interest to Horizon Bank,
WASHINGTON FEDERAL NA;
WASHINGTON TRUST BANK; FIRST
CITIZENS BANK AND TRUST CO., as
successor-in-interest to Venture Bank;
STATE OF WASHINGTON; DEPT. OF
REVENUE; CENTRUM FINANCIAL
SERVICES, INC., MUFG UNION
BANK, NA, itself and as successor-in-
interest to Frontier Bank; PEARLMARK
REAL ESTATE PARTNERS;
PEARLMARK MEZZANINE REALITY
PARTNERS II LLC; LVB-OGDEN
MARKETING, INC., LLC,

        Defendants.

No. 85097-1-I
(consolidated with
No. 85256-6-I)

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Following Ginger Atherton's last appeal to this court, the superior court allowed the prevailing party in that appeal, KeyBank, NA, to be reimbursed

its expenses out of Atherton's supersedeas bond pursuant to RAP 8.1. In this appeal, Atherton argues that the parties' previous settlement agreement foreclosed that relief, and further that because that question turns on interpretation of the settlement agreement, it must be submitted to arbitration. We conclude the settlement agreement and its arbitration clause do not extend to or waive RAP 8.1 relief and affirm.

I

The parties' dispute is a long running one more fully described in our last opinion, KeyBank, NA v. Atherton, No. 83104-6-I, slip op. at 2-4 (Wash. Ct. App. Jul. 25, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/831046.pdf, review denied, 200 Wn.2d 1024, 522 P.3d 48 (2023). It stems from loans secured by deeds of trust on real property that KeyBank made to Atherton's predecessors in interest and on which it sought to foreclose. KeyBank, No. 83104-7-I, slip op. at 2-3. KeyBank suggests Atherton and her husband lived in the property rent free for nearly a decade, from 2014 until 2023 when KeyBank acquired the property as the successful bidder at a sheriff's sale.

In 2019, KeyBank and certain parties described as "the Bingham Parties" entered into two agreements under which the validity of KeyBank's liens was acknowledged, KeyBank was permitted to proceed with foreclosure and sale of the property, and the Bingham Parties were granted a redemption right. Under the redemption agreement, if KeyBank acquired the property at the sheriff's sale, the Bingham Parties could redeem the property by paying $1.6 million, but if KeyBank did not prevail at the sheriff's sale, then KeyBank would retain $3 million and pay

the Bingham Parties any additional funds that it received from the sale. Henry Dean was trustee for the Bingham Parties, and in that capacity, in 2020, conveyed to Atherton, his wife, the right, title and interest in the settlement and redemption agreements. KeyBank, No. 83104-7-I, slip op. at 2-3.

KeyBank sought to foreclose pursuant to the settlement agreement. Atherton sought to stay the foreclosure. The settlement agreement included an arbitration clause providing as follows:

> Any disputes related to or arising under this Agreement will be arbitrated before Stew Cogan, or if he is unwilling or unavailable to serve, then selected according to the procedure described in the Prior Settlement. Arbitration will include only the terms of this Agreement, exclusive of testimony or other extrinsic evidence about the Parties' rights and obligations, and will conclude no later than 30 days from submission to the arbitrator or as soon thereafter as the arbitrator's schedule allows. The arbitrator's decision under this Section is binding on the Parties and cannot be appealed.

Atherton argued among other things that under the arbitration clause she was entitled to compel arbitration to determine the "validity" of the Bingham Parties' "stipulation" in the settlement agreement, we presumed referring to the acknowledgement of the validity of KeyBank's liens. The superior court denied this relief, and we affirmed. KeyBank, No. 83104-7-I, slip op. at 8, 11.

Following our mandate, KeyBank filed a motion for partial disbursement of Atherton's supersedeas bond to cover its attorney fees and other costs resulting from Atherton's appeal. It also filed a motion for renewed order of sale. Atherton opposed disbursement from the supersedeas bond and moved to compel arbitration. The redemption agreement states that "KeyBank will credit bid in the full amount of the debt secured by the Deeds of Trust being foreclosed plus

accrued interest and attorneys' fees and costs." Atherton argued the arbitration clause required arbitration of whether KeyBank was required to "credit bid the amount of the post-judgment attorney fees at the time of sale" rather than obtain reimbursement from the supersedeas bond. Atherton pointed to the superior court's August 10, 2021 order for judgment and decree of foreclosure and of sale, which we affirmed in our 2022 opinion, KeyBank, N.A., No. 83104-7-I, slip op. at 4, and which stated, "Additional amounts for post-judgment sheriff and attorney fees and costs will be determined and recovered at the time of sale." Atherton reasoned this language required any "post-judgment" attorney fees, including KeyBank's attorney fees on appeal, were to be recovered at the time of sale and not, therefore, from Atherton's supersedeas bond. Atherton filed a motion echoing these same arguments and ostensibly challenging the superior court's subject matter jurisdiction in light of the arbitration clause and the federal and state arbitration acts. The superior court granted KeyBank's motions and denied Atherton's.

Dean filed a notice of appeal challenging two of the orders, and Atherton filed a notice of appeal challenging the third. Atherton filed a brief addressing all three orders. We therefore refer to Atherton as the appellant. In the meantime, the sheriff's sale proceeded, and KeyBank was the successful bidder. Atherton acknowledges this mooted the appeal of the renewed order of sale.

II

The only remaining issues are whether the superior court erred by allowing disbursement from the supersedeas bond and declining to compel arbitration.

4

Because the settlement agreement does not embrace or waive relief under RAP 8.1, the superior court did not err in either respect.

A trial court's decisions regarding a supersedeas bond are reviewed for abuse of discretion. See IBEW Health & Welfare Tr. of Sw. Wash. v. Rutherford, 195 Wn. App. 863, 866, 381 P.3d 1221 (2016). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons. State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013). This court reviews a superior court's order granting a motion to compel or deny arbitration de novo. Marcus & Millichap Real Est. Inv. Servs. of Seattle, Inc. v. Yates, Wood & MacDonald, Inc., 192 Wn. App. 465, 473-74, 369 P.3d 503 (2016). In determining the arbitrability of the dispute, the proper question is only whether the dispute falls within the scope of the arbitration provision. In re Marriage of Pascale, 173 Wn. App. 836, 844, 295 P.3d 805 (2013). RCW 7.04A.060(2) provides that the court "shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."

Neither the language in the settlement agreement that KeyBank will credit bid an amount including accrued attorney fees, nor the language in the August 10, 2021 order that it may recover post-judgment attorney fees, embraces either appeal or procedural remedies on appeal including RAP 8.1. And without deciding whether either could validly do so, neither purports to exclude such remedies in the event of future litigation making them available. KeyBank's entitlement to RAP 8.1 relief arose out of Atherton's pursuing her first appeal and delaying execution of KeyBank's rightful judgment, not the settlement and redemption agreements. It

follows that it was not error to allow KeyBank relief under RAP 8.1, and not error to decline to find a dispute subject to arbitration "related to or arising under" the settlement agreement. Atherton's motion to compel arbitration cannot " 'fairly be said to invoke a claim covered by the agreement.' " Marcus & Millichap, 193 Wn. App. at 473 (quoting Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc., 148 Wn. App, 400, 403, 200 P.3d 254 (2009)).

KeyBank seeks reasonable attorney fees under the clause of the settlement agreement providing, "The party prevailing in any action to enforce, interpret, rescind, or terminate this Agreement will recover from the other party reasonable attorneys' fees and costs incurred, which amount will be made a party of any award rendered." KeyBank is the prevailing party in Atherton's attempt to enforce or interpret the settlement agreement, and is awarded reasonable attorney fees to be fixed by a commissioner of this court subject to KeyBank's compliance with RAP 18.1(d).

In light of our disposition it is not necessary to reach any other issues raised by the parties.

Affirmed.

_Birk, J._

WE CONCUR:

_Díaz, J._          _Bowman, J_

6