IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THOMAS and KATHERINE PETERS, | No. 88441-7-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THYSSENTRANSP, LLC, a Washington Limited Liability Company | |
| Appellant, | |
| WPI Real Estate Services, Inc., a Washington Corporation, | |
| Defendant. | |

BUI, J. — Thyssentransp, LLC (Thyssen) seeks review of the order to disburse funds from its supersedeas bond to satisfy a judgment. The superior court ordered payment to satisfy the judgment after determining all appeals had been extinguished. We agree with the trial court and affirm.

FACTS

In November 2022, Thomas and Katherine Peters brought claims against landlord Thyssentransp, LLC (Thyssen) and property manager WPI Real Estate Services, Inc. (WPI) for violations of the Residential Landlord-Tenant Act of 1973 (RLTA) (ch. 58.18 RCW) alleging failure to timely provide the accounting and return of deposit after they vacated their rental. Peters[1] filed a motion for summary judgment. Thyssen responded and moved for leave to amend its

---

[1] We refer to Thomas and Katherine Peters together as "Peters."

answer to add affirmative defenses and counterclaims. The trial court subsequently granted summary judgment in favor of Peters and awarded damages of twice the amount of their deposit and attorney fees and costs. The trial court denied Thyssen's motion to amend as "at best . . . futile," noting "the defense in this case is unmoored to facts or law and can only be viewed as carried on in bad faith."

On June 13, 2023, after motion from Peters, the trial court entered final judgment for the principal amount of $18,200, attorney fees of $9,843.11, and costs of $477.48 against Thyssen and dismissed WPI[2] without prejudice. Thyssen filed a notice of appeal for all orders entered in the trial court, assigned cause number 85354-6-I in this court. Thyssen also filed a $60,000 cash supersedeas in the trial court pursuant to RAP 8.1.[3]

Upon receipt of the notice of appeal, we inquired whether the final judgment was an appealable order given WPI's dismissal without prejudice, noting "a dismissal without prejudice is generally not final and appealable until the lawsuit may not be refiled by operation of the statute of limitations." As a result, we requested Thyssen file documentation demonstrating appealability or a motion for discretionary review. Instead, Thyssen moved to modify the commissioner's decision. After denial of the motion to modify, Thyssen sought review by the Washington State Supreme Court. The Supreme Court also denied

---

[2] WPI did not answer or otherwise appear.
[3] The cash bond was posted under King County Superior Court cause number 22-2-18146-0 SEA.

review. We issued a certificate of finality for cause number 85354-6-I on May 10, 2024.

Shortly before the certificate of finality issued, Peters moved to dismiss WPI with prejudice in the trial court seeking to "confirm the finality of judgment against Thyssen and facilitate the expeditious appeal and resolution" of the suit. When Peters could not set the matter for hearing before the original judge, they commenced a new lawsuit against WPI and moved for dismissal pursuant to CR 41. On May 10, 2024, the trial court entered an order dismissing WPI with prejudice.

Peters provided the order of dismissal with prejudice to counsel for Thyssen. On May 23, Thyssen filed a notice of appeal of the June 2023 final judgment which was assigned cause number 86729-6-I. A commissioner of this court entered a notation ruling requesting further information as to whether the order was now final and appealable. Peters submitted a response, asserting the finality of the 2023 final judgment after dismissal with prejudice of the separate lawsuit brought against WPI specifically for that purpose. After receiving this response, we issued a notation ruling on August 7, stating "[i]t appears that the trial court's orders designated in the notice are now final and appealable upon the dismissal with prejudice of the only remaining defendant WPI Real Estate Services, Inc. in a separately filed action." The ruling noted Thyssen, through its "Governor" had filed a motion to voluntarily withdraw the appeal and advised "[t]o the extent the orders designated in the notice are appealable, withdrawal of

3

review in this matter may result in a loss of Thyssen's right to appeal from the orders." Thyssen was directed to obtain counsel and address appealability.

Thyssen, without counsel, stated the court had issued a certificate of finality for the prior appeal, cause number 86729-6-I, and "returned jurisdiction to the trial court." Thyssen claimed to be preparing a motion for reconsideration of the final judgment and "seeking the possibility of a trial by presenting new evidence." According to Thyssen, if "successful in achieving a trial in the trial court, we will likely not pursue an appeal."

Despite the warning given in the notation ruling, Thyssen obtained counsel and moved for voluntary withdrawal of 86729-6-I which was granted on December 9, 2024. The mandate issued on January 16, 2025, stating the December ruling became the decision terminating review and the case "is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the decision."

After the mandate issued, Peters filed a motion in the trial court to execute on the cash bond posted in the King County cause number and release payment on the judgment. Peters asserted, "[d]efendant's right to appeal or otherwise challenge the judgment are extinguished, and Plaintiffs may seek to satisfy their judgment out of the appellate bond." Over Thyssen's objection, the trial court found "all appeals of this matter have been extinguished and Plaintiffs are entitled to disbursement of the appellant bond posted with the Court," and entered an order directing payment.

Thyssen appeals.[4]

ANALYSIS

Thyssen attempts to revive the voluntarily dismissed appeal of the June 2023 final judgment by claiming the trial court erred in concluding all appeals had been extinguished. Specifically, Thyssen argues: (1) the 2024 action against WPI, filed only to secure dismissal without prejudice, should be disregarded as void for lack of personal jurisdiction; and (2) the trial court was required to have further proceedings as mandated by the court and to make specific findings of fact and conclusions of law, including findings about WPI's status as a party under CR 54(b).

The only order on appeal is the entry of the order disbursing payment from the bond. After filing of a supersedeas bond, the trial court may discharge the bond "upon application of a party or on its own motion, and for good cause shown." RAP 8.1(g). Issuance of the mandate terminates any delay of enforcement of a trial court decision obtained by a stay and supersedeas. RAP 8.6. A trial court's decisions pertaining to a supersedeas bond are reviewed for abuse of discretion. See IBEW Health & Welfare Trust of Sw. Wash. v.

---

[4]After filing a notice of appeal for the order directing payment, Thyssen subsequently moved to amend the notice of appeal for review of the 2023 orders entered by the trial court, including the orders granting summary judgment, attorney fees, Peters' motion to dismiss WPI, and the final judgment. A commissioner of this court denied the motion:

those orders became final at the entry of judgment on June 13, 2023. Appellant voluntarily withdrew its timely appeal of that judgment in No. 86729-6. Appellant's June 12, 2025 notice in the present matter is untimely as to the prior orders and the May 27, 2025 order identified in the June 12, 2025 notice does not bring up for review the 2023 final judgment or revive the appeal voluntarily dismissed in No. 86729-6.

Thyssen moved to modify this decision which a three judge panel denied. Thyssen then requested discretionary review in the Washington State Supreme Court, which was also denied.

Rutherford, 195 Wn. App. 863, 867, 381 P.3d 1221 (2016). We review a trial court's findings of fact for substantial evidence, which is evidence sufficient to persuade a rational fair-minded person that the premise is true. Sutey v. T26 Corp., 13 Wn. App. 2d 737, 750, 466 P.3d 1096 (2020).

Dismissal of WPI With Prejudice

Thyssen claims "WPI is still a party to the 2022 action in that the trial court has not dismissed WPI 'with prejudice.' " According to Thyssen, the order of dismissal with prejudice obtained in the 2024 is void and "should be disregarded with no effect on the present action," because WPI was not served and the court never obtain in personam jurisdiction over WPI. Thyssen relies on established legal principles requiring proper service of the summons and complaint to invoke personal jurisdiction over a party and dismissal of a judgment entered without proper jurisdiction as void.[5]

However, Thyssen fails to recognize dismissal is precisely the remedy in cases where the trial court lacks personal jurisdiction. See CR 12(b)(2); Noll v. Am. Biltrite Inc., 188 Wn.2d 402, 405-06, 395 P.3d 1021 (2017) (trial court properly dismissed case where plaintiff failed to allege sufficient facts for personal jurisdiction). "Washington courts generally follow the common-law rule 'that a court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal.' " Banowsky v. Guy Backstrom, DC, 193 Wn.2d 724, 733, 445 P.3d 543 (2019) (quoting Deschenes v. King County, 83 Wn.2d 714, 716, 521

---

[5] Thyssen cites to In re Marriage of Markowski, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988) and Metro. Fed. Sav. & Loan Ass'n of Seattle v. Greenacres Mem'l Ass'n, 7 Wn. App. 695, 699, 502 P.2d 476 (1972).

6

P.2d 1181 (1974)). The trial court's dismissal of the 2024 case was the only proper action where it lacked jurisdiction and is not void for lack of jurisdiction.

Further Proceedings Required

Thyssen claims "without any notice that it was happening, the 2024 Action was filed on May 9, 2024 and dismissed, with prejudice, without notice and somehow resulted in Thyssen's right to appeal on the merits of the 2022 Action to be 'extinguished.' " According to Thyssen, "[t]his Court's mandate on January 16, 2025, required that the trial court have further proceedings and by such, KCLR 72 and CR 52(a)(2)(C) required the trial court to make specific findings to make its final order appealable," otherwise the final order continues to be interlocutory. Thyssen's claim is both factually and legally incorrect.

Thyssen's complaints as to the dismissal of WPI and subsequent "extinguishment" of its right to appeal without warning are disingenuous. Thyssen filed its second notice of appeal, cause number 86729-6-I, within 30 days of entry of the order dismissing WPI with prejudice.[6] The timely notice of appeal, as well as Peters' statements to this court, indicates Thyssen was informed of the entry of the order of dismissal in the 2024 case. Moreover, prior to granting voluntary dismissal of 86729-6-I, we informed Thyssen the final judgment appeared appealable and warned of the potential loss of the right to appellate review. Nonetheless, Thyssen pursued voluntary dismissal. Thyssen cannot claim

---

[6] A notice of appeal must be filed in the trial court within 30 days of entry of the order for review. RAP 5.2(a). The court entered the order dismissing WPI with prejudice on May 10, 2024. Thyssen filed its notice of appeal on May 23, 2024.

7

ignorance of WPI's dismissal with prejudice or the possible legal ramifications of voluntarily withdrawing an appealable order.

With respect to Thyssen's legal argument, neither CR 52(a)(2)(C) nor KCLR 72 establish the trial court must make findings for the order to be appealable. Thyssen cites to CR 52(a)(2)(C), which requires the trial court to make findings of fact and conclusions of law "[i]n connection with any other decision where findings and conclusions are specifically required by statute, by another rule, or by a local rule of the superior court." According to Thyssen, "CR 54(b) is 'another rule' that specifically requires findings in the underlying action." CR 54(b) pertains to judgments on multiple claims or involving multiple parties, stating in pertinent part:

> when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment. The findings may be made at the time of entry of judgment or thereafter on the court's own motion or on motion of any party. In the absence of such findings, determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

By its terms, CR 54(b) requires the trial court to enter findings of fact to allow appellate review when a judgment is not yet final as to all parties. CR 54(b) findings would have allowed for immediate appealability after entry of the order and judgment dismissing WPI without prejudice because the judgment did not

8

finally determine the claims against WPI. However, when Peters obtained dismissal of WPI with prejudice, the judgment became final as to all parties.

Peters sought dismissal of the 2024 lawsuit against WPI under CR 41(a)(1)(B), which allows the plaintiff to voluntarily move to dismiss at any time before conclusion of their opening case. The trial court must grant a plaintiff's timely motion for voluntary dismissal under CR 41(a)(1)(B). Seattle-First Nat'l Bank v. Westwood Lumber, Inc., 59 Wn. App. 344, 348, 796 P.2d 790 (1990). Generally, dismissal pursuant to CR 41(a)(1)(B) is without prejudice, "except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state." CR 41(a)(4). This "two dismissal" rule "operates as a nondiscretionary adjudication upon the merits when the dismissals at issue are unilaterally obtained by the plaintiff." Spokane County v. Specialty Auto and Truck Painting, Inc., 153 Wn.2d 238, 246, 103 P.3d 792 (2004). As a result of the second unilateral voluntary dismissal, the court is required to dismiss with prejudice. Guillen v. Pierce County, 127 Wn. App. 278, 288, 110 P.3d 1184 (2005).

In the 2024 case, Peters requested dismissal of WPI without prejudice under CR 41(a)(1)(B) and the trial court granted the motion.[7] The "two-dismissal" rule then applied to constitute an adjudication on the merits of the claims and a final judgment against WPI. See Feature Realty, Inc. v. Kirkpatrick & Lockhart

---

[7] In granting Peters' request for dismissal of WPI without prejudice under CR 41(a)(1)(B), the trial court did not discuss whether voluntary dismissal as to WPI was proper after summary judgment proceedings against Thyssen. Thyssen did not oppose voluntary dismissal of WPI under CR 41(a)(1)(B) at the time or in this appeal.

Preston Gates Ellis, LLP, 161 Wn.2d 214, 224, 164 P.3d 500 (2007) ("a second dismissal constitutes an adjudication on the merits, and thus the doctrine of res judicata prevents the plaintiff from relitigating the same claim against the same party in a subsequent action."); Krikava v. Webber, 43 Wn. App. 217, 219, 716 P.2d 916 (1986) ("A dismissal with prejudice . . . is equivalent to a final judgment on the merits."). With all claims concluded as to WPI, the final judgment previously entered against Thyssen became appealable as of right. RAP 2.2(a)(1).

With all claims concluded against all parties, CR 54(b) no longer applies. CR 54(b) findings are unnecessary. Indeed, Thyssen filed a notice of appeal after entry of the order dismissing WPI with prejudice without CR 54(b) findings and made no effort to obtain CR 54(b) findings from the trial court.

In addition to CR 52(a)(2)(C) and CR 54(b), Thyssen cites KCLR 72 in support of required findings before the case is appealable. KCLCR 72 states:

> upon the issuance of a mandate from an appellate court, returning a case to the King County Superior Court, either party may file a motion with the Respective Chief Judge for a judicial assignment and the issuance of a case schedule. If no party files such a motion within 90 days, the matter may be dismissed by the clerk for lack of prosecution.

KCLCR 72 makes no mention of findings of fact after mandate and return to the superior court. Thyssen argues the rule and the mandate from this court which returned the matter "to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the decision," necessitate additional proceedings.

Neither KCLCR 72 nor the mandate specify required proceedings. The order and judgment were final as to all parties and the window for reconsideration had long passed. See CR 59(b) (motion for reconsideration "shall be filed not later than 10 days after entry of the judgment, order, or other decision"). Thyssen voluntarily dismissed review of an appealable order and we issued the mandate. Issuance of the mandate certified the conclusion of the appellate process and terminated the delay of enforcement of the trial court decision. RAP 12.5; RAP 8.6. Therefore, Peters' enforcement of the judgment remained the only available proceedings for the parties.

Consistent with this, Peters filed a motion to execute on the cash supersedeas bond. The trial court properly found all appeals had been extinguished and ordered payment of the judgment. Therefore, authorization of payment from the bond to satisfy the judgment was not an abuse of discretion.

Fees on Appeal

Peters requests reasonable attorney fees and costs on appeal pursuant to RAP 18.1(a), RCW 4.84.330, and RCW 59.18.280. "A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party." Hwang v. McMahill, 103 Wn. App. 945, 954, 15 P.3d 172 (2000). Here, the lease provides: "In the event it is necessary for either party to employ an attorney to enforce any terms of this Lease Agreement, the other party agrees to pay reasonable attorney's fees and court costs as provided for by law." Additionally, the RLTA provides for attorney fees: "[i]n any action brought by the

tenant to recover the deposit, the prevailing party shall additionally be entitled to the cost of suit or arbitration including a reasonable attorneys' fee." RCW 59.18.280(2). Therefore, we award Peters reasonable attorney fees and costs subject to compliance with RAP 18.1(d).

Affirmed.

_Bui, J._

WE CONCUR:

_____, ACJ